UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEWELL POINDEXTER,<br><br>                              Petitioner,<br><br>     -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | Case No. 1:24-cv-01258 (JLR)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

Dewell Poindexter ("Petitioner") brings this petition for a writ of habeas corpus (the "Petition") challenging the execution of his sentence pursuant to 28 U.S.C. § 2241. Petitioner, who was incarcerated in a federal facility in New York at the time of filing, alleges that the Federal Bureau of Prisons (the "BOP") miscalculated his federal sentence by failing to award him credit for a period of time he was incarcerated while serving a state sentence. *See generally* Dkt. 1 ("Pet."). The Government opposes the Petition. *See* Dkt. 10 ("Opp."); Dkt. 11 ("BOP Decl."). For the reasons that follow, the Petition is DENIED.

## BACKGROUND

On September 11, 2000, Petitioner pleaded guilty to two federal counts of possession with the intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). *See United States v. Poindexter*, 550 F. Supp. 2d 578, 579 (E.D. Pa. 2008); Dkt. 11-1 at 1. On January 19, 2001, Petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to a 144-month term of federal incarceration followed by eight years of supervised release. *See* BOP Decl. ¶ 3; Dkt. 11-1 at 6. On May 2, 2008, Petitioner's term of incarceration was reduced to 122 months pursuant to 18 U.S.C. § 3582(c)(2). *See Poindexter*, 550 F. Supp. 2d at 583; BOP Decl. ¶ 3; Dkt. 11-1 at 6.

On July 1, 2015, while on supervised release, Petitioner was arrested for state controlled-substance and weapons offenses, and on February 22, 2016, after Petitioner pleaded guilty as to all charges, a state court sentenced Petitioner to a term of incarceration in a state institution for five and a half to eleven years.  *See* BOP Decl. ¶ 4; Dkt. 11-2 at 1; Dkt. 11-6 at 1.  Petitioner remained in continuous state custody from the date of the arrest to his federal sentencing, and this time was ultimately credited toward his state sentence.  BOP Decl. ¶ 8; Dkt. 11-4 at 2-3; Dkt. 11-1 at 2; Pet. at 14-15.

Petitioner was subsequently brought into the temporary custody of the United States Marshall Service ("USMS") to attend a supervised release violation hearing in the Eastern District of Pennsylvania on June 22, 2017.  *See* BOP Decl. ¶¶ 4-6.  The court found that Petitioner was in violation of his federal supervised release, revoked its prior order of supervised release, "and sentenced Petitioner to thirty-months imprisonment to run consecutive to his state sentence."  *Id.* ¶ 6; *see* Dkt. 11-3.  On July 18, 2017, USMS returned Petitioner to state custody with a federal detainer.  *See* BOP Decl. ¶ 7.  On August 16, 2023, Petitioner completed his state sentence and was returned to exclusive federal custody, pursuant to the detainer, to serve his consecutive federal sentence.  *Id.* ¶ 8; *see* Dkt. 11-1 at 2; Dkt. 11-4 at 2-3.  The BOP determined that "there was no applicable jail credit to award to the federal sentence" and "calculated Petitioner's full-term [release] date as February 15, 2026, *i.e.*, 30 months from August 16, 2023."  BOP Decl. ¶ 9; *see* Dkt. 11-1 at 2; Dkt. 11-4 at 3.

On November 29, 2023, Petitioner initiated a challenge to the execution of his sentence by filing an informal-resolution form to a correctional counselor pursuant to the BOP's Administrative Remedy Program (the "ARP"), *see* Pet. at 10, which allows certain federally incarcerated individuals "to seek formal review of an issue relating to any aspect of his/her own confinement," 28 C.F.R. § 542.10(a); *see id.* § 542.13(a) ("[A]n inmate shall

first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy."). Petitioner stated on his informal-resolution form that he was being deprived of credit toward his federal sentence for the period he was incarcerated following his arrest on state charges in July 2015. *See* Pet. at 10-11. A case manager reviewed Petitioner's informal submission and informed Petitioner that he was ineligible to receive the requested credit toward his federal sentence. *See id.* at 12.

Petitioner was dissatisfied with the case manager's response and, on December 28, 2023, submitted a formal written administrative-remedy request to the Warden of his facility on the appropriate BP-9 form, in accordance with the ARP. *See id.* at 14; 28 C.F.R. § 542.14(a) (providing that formal requests shall be made on a BP-9 form). The Warden denied the request, explaining that the time Petitioner was incarcerated on state charges prior to his 2017 federal sentencing had been credited toward his state sentence and thus could not be credited toward his federal sentence. *See* Pet. at 14-15. Neither the Petition nor Petitioner's administrative-remedy record indicates that he pursued an appeal of the Warden's denial pursuant to the ARP. *See* Pet. at 15-21; BOP Decl. ¶ 19; Dkt. 11-5 at 10; 28 C.F.R. § 542.15(a) (providing that "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director," after which "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel," which "is the final administrative appeal").

## LEGAL STANDARD

"Submissions by a *pro se* petitioner are held to less stringent standards than formal pleadings drafted by lawyers," and "[c]ourts must liberally construe a *pro se* petition to raise

3

the strongest arguments it suggests." *Licausi v. Griffin*, 460 F. Supp. 3d 242, 260 (E.D.N.Y. 2020) (citing *Inoa v. Smith*, No. 16-cv-02708 (VEC) (JLC), 2018 WL 4110908, at *12 (S.D.N.Y. Aug. 29, 2018), *report and recommendation adopted*, 2019 WL 549019 (S.D.N.Y. Feb. 9, 2019)). Still, *pro se* petitioners are "not exempt from compliance with relevant rules of procedural and substantive law." *Banner v. Royce*, 525 F. Supp. 3d 417, 418 (E.D.N.Y. 2021) (quoting *Gutierrez v. Capra*, No. 14-cv-06887 (KAM), 2019 WL 1508454, at *7 (E.D.N.Y. Apr. 5, 2019)).

"A writ of habeas corpus under § 2241 is available to a federal prisoner who does not challenge the legality of his sentence, but challenges instead its execution subsequent to his conviction." *Rivera-Perez v. Stover*, 757 F. Supp. 3d 204, 207 (D. Conn. 2024) (quoting *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001)). "Thus, section 2241 petitions are appropriately used to challenge . . . sentence calculations." *Id.*; *see id.* at 206 (reviewing § 2241 petition based on BOP's alleged "miscalculation of [petitioner's] time credits under the First Step Act"); *United States v. Borland*, No. 18-cr-00487 (KPF), 2024 WL 4026068, at *6 (S.D.N.Y. Sept. 3, 2024) (observing that "the proper vehicle" for challenging the "BOP's computations of [a] sentence, including credits against that sentence, . . . is a habeas petition in the district of [the petitioner's] confinement, pursuant to 28 U.S.C. § 2241").

"[T]he Second Circuit has made clear that a federal prisoner asserting claims for habeas corpus relief under Section 2241 challenging the execution of his sentence must exhaust his available administrative remedies before filing his petition," *Rinaldi v. Warden FCI Otisville*, No. 24-cv-02449 (LTS), 2024 WL 3797078, at *3 (S.D.N.Y. Aug. 13, 2024) (citing *Carmona*, 243 F.3d at 634), which "requires compliance with the BOP's four-step Administrative Remedy Program," *Lallave v. Martinez*, 609 F. Supp. 3d 164, 179 (E.D.N.Y.

4

2022) (citing 28 C.F.R. § 542.10(a)); *see also United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998) ("[C]redit determinations are to be made in the first instance by the [BOP] . . . ."). However, the "exhaustion requirement is 'prudential, not statutory.'" *Lallave*, 609 F. Supp. 3d at 179 (quoting *Snyder v. Angelini*, No. 07-cv-03073 (NGG), 2008 WL 4773142, at *2 (E.D.N.Y. Oct. 27, 2008)). A court may thus waive the exhaustion requirement "upon a showing of cause and prejudice." *Rinaldi*, 2024 WL 3797078, at *3 (citing *Carmona*, 243 F.3d at 630, 633-34). "Specifically, exhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Ahmed v. Otisville*, No. 23-cv-00454 (PGG) (RWL), 2023 WL 9113089, at *6 (S.D.N.Y. Dec. 13, 2023) (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003)).

## DISCUSSION

Petitioner argues that the BOP miscalculated his sentence by failing to provide him credit for the time he spent incarcerated between July 1, 2015, when he was arrested on state charges, and June 22, 2017, when the federal district court revoked his supervised release and imposed a thirty-month federal sentence.[1] The Government's position is that Petitioner failed to exhaust his administrative remedies and is not entitled to a waiver of the exhaustion requirement, and that even if Petitioner were entitled to a waiver, the BOP properly computed Petitioner's sentence. The Court agrees that Petitioner has not satisfied the administrative-exhaustion requirement and that there is no basis for excusing that requirement. Alternatively,

---

[1] Where any dates set forth in the Petition conflict with those set forth in the documents attached to the Government's supporting declaration, the Court adopts the latter.

5

the Court finds, based on the current record, that the BOP did not miscalculate Petitioner's sentence.

While Petitioner contends he has exhausted his administrative remedies, *see* Pet. at 1, the exhibits attached to Petition and the Government's declaration do not support his assertion, *see id.* at 10-22; Dkts. 11-1 to 11-6.  Petitioner did not appeal the Warden's denial of his formal request to the Regional Director as required by the ARP, *see* 28 C.F.R. §542.15(a), and Petitioner does not suggest that he was denied the opportunity to do so.  *See* BOP Decl. ¶ 19; Dkt. 11-5 at 10; Pet. at 15 (denial letter from Warden explaining that petitioner could appeal to regional director at provided address).  Because the administrative record shows that Petitioner did not appeal the Warden's decision to the Regional Director, and Petitioner does not argue otherwise, the Court finds that he has failed to satisfy the administrative-exhaustion requirement.  *See, e.g.*, *Johansson v. Strada*, No. 12-cv-05296 (ARR), 2012 WL 6093534, at *3 (E.D.N.Y. Dec. 7, 2012) (finding that Petitioner failed to exhaust administrative remedies where "the record indicates he did not appeal the Warden's unfavorable decision to the Regional Director, nor did he appeal to the BOP's general counsel"); *Lane v. Zickefoose*, No. 08-cv-00567 (RNC), 2008 WL 5467824, at *2 (D. Conn. Dec. 30, 2008) (similar).[2]

---

[2] To the extent that the Petition could be construed as claiming that the BOP improperly calculated Petitioner's good-time credit ("GTC"), the Court's analysis of the administrative-exhaustion requirement would remain the same.  *See also Reyes v. United States*, No. 22-cv-06064 (NSR), 2022 WL 4240821, at *2 (S.D.N.Y. Aug. 26, 2022) ("[T]here are no allegations in the petition suggesting that the Court should excuse Petitioner's failure to exhaust his administrative remedies.  The BOP is in the best position to assess whether there was an error in calculating Petitioner's entitlement to GTC under the [First Step Act], and should be given an opportunity to correct any such error.").

Although Petitioner has not "proffered any excuse for his failure" to exhaust his administrative remedies, the Court has "construe[d] his submission liberally to determine whether the circumstances excuse his failure." *Rosenthal v. Killian*, 667 F. Supp. 2d 364, 366 (S.D.N.Y. 2009). Having reviewed the Petition and supporting exhibits, in addition to the exhibits attached to the Government's declaration, the Court finds that none of the exhaustion exceptions are applicable here, and none of the circumstances found in other cases to warrant excusing exhaustion are present here. *Cf. United States v. Perez*, 451 F. Supp. 3d 288, 292 (S.D.N.Y. 2020) (excusing exhaustion requirement where administrative delay posed serious risks to petitioner's health); *Cardoza v. Pullen*, No. 22-cv-00591 (SVN), 2022 WL 3212408, at *6 (D. Conn. Aug. 9, 2022) (excusing exhaustion where "BOP staff's hindrance of Petitioner's appeal efforts" supported "the conclusion that any further appeals to the BOP would be 'an effort made in vain'" (quoting *Napolitano v. Zenk*, No. 04-cv-05109 (NGG), 2005 WL 1263784, at *2 (E.D.N.Y. May 27, 2005))); *Goren v. Apker*, No. 05-cv-09006 (PKC), 2006 WL 1062904, at *5 (S.D.N.Y. Apr. 20, 2006) (excusing exhaustion requirement where petitioner attempted to appeal decision of Regional Director three times but never received decision from BOP General Counsel due to "various procedural defects"); *see also Gadson v. Hou. House*, No. 23-cv-08518 (LGS) (GWG), 2023 WL 8263036 at * 2 (S.D.N.Y. Nov. 30, 2023) (noting that "mere predictions of failure" if petitioner were to pursue administrative remedies is insufficient to excuse exhaustion (quoting *Goren*, 2006 WL 1062904, at *4-5)).[3]

---

[3] While Petitioner makes passing reference to purported violations of his Fifth and Sixth Amendment rights, the Court does not find that the allegations set forth in the Petition raise a "substantial constitutional question" that would warrant waiver of the exhaustion requirement, *Beharry*, 329 F.3d at 62, let alone an "unavoidable" constitutional issue, *Guzman v. Joyce*, --- F. Supp. 3d ---, 2025 WL 1696891, at *3 (S.D.N.Y. June 17, 2025) ("'[T]he risk of prolonged detention' — as opposed to actual prolonged detention — 'does not constitute an irreparable

Even if Petitioner had exhausted his administrative remedies or exhaustion were excused, the Court finds that the BOP did not err in refusing to apply credit toward Petitioner's federal sentence for his period of incarceration between July 1, 2015 (the date Petitioner was arrested on state charges) and June 22, 2017 (the date Petitioner's thirty-month federal sentence was imposed following his violation of supervised release), because the record indicates that this time was credited toward Petitioner's state sentence. *See* BOP Decl. ¶ 8; Dkt. 11-4 at 3; Dkt. 11-1 at 2; Pet. at 14-15; *see, e.g.*, *Cintron v. Warden, F.C.I. Otisville*, 52 F. Supp. 3d 654, 656 (S.D.N.Y. 2014) ("[B]ecause the time between [petitioner's arrest on state charges] and [his federal sentencing] was credited to the petitioner's state sentence . . . , the BOP was correct not to credit it towards his federal sentence.").

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*." 18 U.S.C. § 3585(b) (emphasis added). This provision "does not authorize giving a credit on a federal sentence for any prison time that has already been credited to another sentence, whether state or federal." *Sarro v. Billingsley*, No. 11-cv-09395 (MHD), 2013 WL 120817, at *4 (S.D.N.Y. Jan. 10, 2013). "Indeed, the Supreme Court and the Second Circuit have repeatedly read this statutory language as precluding such double-counting." *Id.* (collecting cases); *see United States v. Wilson*, 503 U.S. 329, 337 (1992) ("Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time."); *Labeille-Soto*, 163 F.3d at 99 ("Under [§ 3585(b)], a defendant has no right to credit on his

---

injury that excuses the prudential exhaustion requirement.' Indeed, if the possibility of 'continued detention were sufficient to excuse exhaustion, exhaustion would always be excused.'" (citation omitted) (quoting *Roman v. Decker*, No. 20-cv-03752 (JGK), 2020 WL 4273823, at *8 (S.D.N.Y. July 24, 2020)).

federal sentence for time that has been credited against his prior state sentence."); *accord Lugo v. Hudson*, 785 F.3d 852, 856 (2d Cir. 2015) (per curiam); *Cintron*, 52 F. Supp. 3d at 656; *Berrios v. Pliler*, No. 22-cv-05426 (JGK), 2023 WL 4364865, at *2 (S.D.N.Y. July 6, 2023); *Ramos v. United States*, No. 15-cv-01342 (RNC), 2017 WL 384024, at *2 (D. Conn. Jan. 26, 2017).

Accordingly, the Court finds that Petitioner has failed to exhaust his available administrative remedies, that waiver is not warranted, and that, in any event, Petitioner's underlying claim is deficient on the merits.

## CONCLUSION

For the foregoing reasons, the Petition is DENIED. The Clerk of Court is respectfully directed to close the case.

Dated: September 30, 2025
      New York, New York

                                        SO ORDERED.

                                        JENNIFER L. ROCHON
                                        United States District Judge